## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LEE GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-634-TIA |
| | ) | |
| BETTY COALE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Richard Lee Gregory for leave to commence this action without payment of the required filing fee.  *See* 28 U.S.C. § 1915(a).  Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state

a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff seeks monetary relief in this action against Betty Coale (a Notary Public), Judith Halter (plaintiff's sister), Melody Stevens (Judith Halter's daughter), and Tim Price.   Plaintiff alleges that Halter and Stevens forged a legal document on November 17, 2006, and sent it to the Circuit Court of Monroe County, Florida, in order to deprive plaintiff of his interest in his deceased mother's estate.   Plaintiff further claims that defendant Price served as a witness to the forged document.   Plaintiff states that he and all defendants reside in the State of Missouri.

**Discussion**

At the outset, the Court notes that plaintiff has failed to state the specific jurisdictional grounds for filing this action in federal court.[1]  To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that plaintiff has failed to assert, and it does not appear, that diversity of citizenship exists in this case.  *See* 28 U.S.C. § 1332.       Moreover, plaintiff does not claim that the instant action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

To the extent that plaintiff is attempting to assert a claim or cause of action under 42 U.S.C. § 1983 relative to the alleged 2006 forging of a legal document, the claim is barred by the five-year statute of limitations.[2]  *See Lohman v. Kempker*, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983).  Moreover, plaintiff does not allege, nor

---

[1]On page 1 of his complaint [Doc. #1], plaintiff states that his ground filing this case in Federal Court is as follows:  "Betty Coale violated the plaintiff['s] rights invested by the United States Constitution of the 14th Amendment of the Due Process Clause in that her being a State of Missouri Notary Public notarizing a legal document baring [sic] the plaintiff['s] signature and the plaintiff was not present nor was he even aware this legal document was being notarized."

[2]This action was filed on April 6, 2012.

does it appear, that any of the defendants are state actors, and thus, there can be no cause of action under § 1983. *See Andrews v. City of W. Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006)(to state claim under § 1983, plaintiff must allege violation of constitutional right committed by person acting under color of state law); *Williams v. National Notary Ass'n-Florida*, 2008 WL 8122804 (M.D. Fla. 2008)(notary public is not a state actor under § 1983).

For these reasons, the Court will dismiss this action pursuant to § 1915(e)(2)(B). In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action, and the complaint is legally frivolous and fails to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of June, 2012.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

4